STATE OF NORTH CAROLINA v. LEROY R. DALE LINVILLE

No. 7917SC476

(Filed 2 October 1979)

1. **Criminal Law § 63.1— exclusion of evidence bearing on insanity—subsequent admission of similar evidence**

   In this prosecution for armed robbery in which defendant relied on the defense of insanity, defendant was not prejudiced by the court's exclusion of his sister's testimony that defendant told her on the day of the robbery that he was "sick," "feeling dizzy," feeling "funny" and "smothering" where the sister thereafter testified that on that date defendant "talked funny" and said he was feeling "woozy and funny."

2. **Criminal Law §§ 5.1, 123— submission of insanity as first issue**

   In an armed robbery prosecution in which defendant pleaded not guilty and not guilty by reason of insanity, the trial court did not err in submitting insanity as the first issue to be determined by the jury.

3. **Criminal Law § 114.3— instructions—omission of "alleged"—no expression of opinion**

   The trial court's instruction to the jury that "if you are satisfied that the defendant was insane at the time of the robbery with a firearm he would not be guilty by reason of insanity and that would end the case" did not constitute an expression of opinion on a question of fact because of the omission of the word "alleged" before "robbery with a firearm."

State v. Linville

APPEAL by defendant from *Albright, Judge.* Judgment entered 5 January 1979 in Superior Court, SURRY County. Heard in the Court of Appeals 12 September 1979.

Defendant was indicted for armed robbery. He pleaded not guilty and not guilty by reason of insanity.

The State presented evidence that on the afternoon of 11 July 1978 defendant robbed two employees of The Dollar General Store by threatening them with a gun.

Defendant called Dr. Billy Royal, a psychiatrist, to testify in his behalf. Dr. Royal testified that he had examined defendant twice during the month of August 1978 and had diagnosed him as a schizoid personality, meaning that he had an active fantasy life and difficulty in separating reality from fantasy. Defendant was not psychotic at the time Dr. Royal examined him but could have had psychotic episodes in the past, and in the opinion of Dr. Royal defendant could have been experiencing a psychotic episode at the time of the alleged robbery. Dr. Royal had no opinion as to whether or not defendant knew right from wrong at that time.

Defendant's sister was called to testify regarding defendant's mental state on the day of the robbery, but, following an offer of proof, the court ruled that although she could testify about her visual observations of defendant on that day, she could not testify about her conversations with him, consisting of defendant's statements on the morning of the robbery that he was "sick;" "feeling dizzy in [his] head," feeling "funny" and "smothering." Defendant's sister then testified to the jury that defendant had been sick in bed for eight days prior to the robbery and had come to her house on the morning of 11 July 1978 to borrow her car to go to the doctor. Defendant told her at that time that he was "feeling woozy and funny," and he did not appear to know what he was doing. When defendant returned to her house that afternoon he was laughing and he "talked funny," and in her opinion defendant could not distinguish right from wrong on the day of the robbery. Two other witnesses testified that two or three days before the robbery defendant was sick in bed and in their opinions was unable to distinguish between right and wrong.

The jury rejected defendant's insanity defense and found him guilty of armed robbery, for which he was sentenced to 20-30 years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Oliver and Royster, by Stephen G. Royster, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that the trial court committed prejudicial error in excluding portions of his sister's testimony. In the jury's absence, Corinne Sechrest testified that the morning before the robbery defendant came to borrow her car and "he said I am sick and I am feeling dizzy in my head and said I feel funny." He said that he was "smothering." Defendant offered this testimony as evidence of his mental state on the day of the crime. The trial court ruled that Ms. Sechrest could testify to what she observed that day, but not to what defendant told her. Before the jury, Ms. Sechrest then testified that when defendant came to borrow her car he "talked funny," and he said he was feeling "woozy and funny." We find no prejudicial error in the court's ruling, since Ms. Sechrest in fact testified to essentially all of defendant's declarations to her. "The exclusion of testimony cannot be held prejudicial when the same witness is thereafter allowed to testify to the same import . . . ." 1 Strong's N.C. Index 3d, Appeal & Error § 49.2 at 315.

[2] Defendant also assigns error to the charge to the jury on the issue of insanity. He contends that the issue of insanity was improperly submitted first, and that the trial court expressed an opinion on a question of fact, in violation of G.S. 15A-1222 and -1232.

The trial court began the instruction on insanity as a defense as follows:

> Now members of the jury, as your first order of business in the course of your deliberation you will take up the issue of insanity and will consider that issue first. The issues have been reduced to a written form and the insanity issue reads as follows, the issue being separated into two parts. "1-A" reads as follows: Was the defendant on July 11, 1978, by reason of a defect of reason or disease of the mind incapable of knowing the nature and the quality of the acts which he is

charged with committing or if he did know this was he by reason of such defect or disease incapable of distinguishing between right and wrong in relation to such an act? "1-B" is, If so, is the defendant not guilty by reason of insanity?

As the Court indicated, members of the jury, you will consider this issue first. Now in regard to this issue, members of the jury, you must answer two questions. First, did the defendant rob Christine Brown and Charmele Slater with a firearm. The State must prove beyond a reasonable doubt that the defendant robbed Christine Brown and Charmele Slater with a firearm. If you are not convinced of this beyond a reasonable doubt the case is ended and the defendant would not be guilty.

Secondly, if you find that the defendant robbed Christine Brown and Charmele Slater with a firearm you must determine if the defendant was insane when the robbery with a firearm occurred.

He charged further: (1) if the jury was satisfied that defendant was insane at the time of the robbery, he would not be guilty and that would end the case; (2) if the jury answered issue 1-A "Yes" it must as a matter of law find the defendant not guilty and answer 1-B "Yes"; and (3) if the jury answered issue 1-A "No" it must skip issue 1-B and proceed to decide whether defendant was guilty or innocent of robbery with a firearm.

We find no error in the order in which the points were presented in this instruction. The Supreme Court in *State v. Cooper*, 286 N.C. 549, 571, 213 S.E. 2d 305, 320 (1975), indicated:

Where, as here, there is evidence justifying the submission to the jury of the question of insanity as a defense to the charge, we believe a better procedure would be to submit to the jury as the first issue for their consideration, "Was the defendant (at the time of the alleged offense), by reason of a defect of reason or disease of the mind, incapable of knowing the nature and quality of the act which he is charged with having committed, or if he did know this, was he, by reason of such defect or disease, incapable of distinguishing between right and wrong in relation to such act?" An affirmative answer to that issue would end the case. If the jury answers

that issue in the negative, it should then proceed to determine the defendant's guilt or innocence of the offense charged just as if the defendant were a person of normal mental capacity.

This is exactly what the trial court did. Furthermore, the trial court followed the suggestion made in *State v. Hammonds*, 290 N.C. 1, 15, 224 S.E. 2d 595, 604 (1976), that "in the absence of a judicial admission that defendant committed the [crime], it would be appropriate to submit as the first issue an issue worded substantially as follows: 'Did the defendant [commit the crime]?' " The trial court's instruction complies with the guidelines of the North Carolina Pattern Jury Instructions, Criminal 304.10. We find no merit in this assignment of error.

[3] Defendant argues further that the trial court expressed an opinion in violation of G.S. 15A-1222, pointing to one sentence in the charge on insanity. The trial court instructed: "So members of the jury, I charge that if you are satisfied that the defendant was insane at the time of the robbery with a firearm he would be not guilty by reason of insanity and that would end the case." We find that this one omission of the word "alleged" before "robbery with a firearm," taken in the context of the charge as a whole, does not constitute prejudicial error.

No error.

Judges WEBB and WELLS concur.